**HONG CHING SHI, a.k.a. Hong Ching, a.k.a. H. Neo, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States**

Attorney General,* Respondent.

No. 08–1023–ag.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2009.

Scott E. Bratton, Cleveland, OH, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Susan Houser, Senior Litigation Counsel; Marion E. Guyton, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Hong Ching Shi, a native and citizen of the People's Republic of China, seeks review of a February 4, 2008 order of the BIA denying his motion to reopen. *In re Hong Ching Shi*, No. A077 322 529 (B.I.A. Feb. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Shi's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Shi argues that the BIA failed to consider evidence that he submitted to establish changed country conditions regarding the heightened enforcement of the family-planning policy in Fujian Province. His argument as unavailing as the BIA acknowledged the evidence that Shi submitted and

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

reasonably found that it was either available prior to his merits hearing before the IJ and therefore did not constitute new, previously unavailable evidence of changed country conditions, or that the evidence was similar to that which Shi had submitted to the immigration court in support of his underlying application for relief. *Cf. Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (finding that a BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA had previously rejected). To the extent that Shi relies on the 2006 Country Report, we reviewed the BIA's determination that the 2006 Country Report did not suffice to establish a reasonable possibility that the petitioner would be subjected to persecution if removed to China and found no basis for concluding that the BIA's conclusion was erroneous. *See Jian Hui Shao,* 546 F.3d at 159.

In addition, Shi failed to exhaust before the BIA his argument that he was entitled to file a successive asylum application based on changed personal circumstances. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007). In any event, this argument is foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former